IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ROXANA AREVALO,

    Plaintiff,

    v.                                  CIVIL NO.: WDQ-13-3735

ROBERT CLAYTON KOSKI, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On November 27, 2012, Roxana Arevalo sued Robert Clayton Koski and Hunter Buchanan Koski (collectively "the Defendants") in the Circuit Court for Baltimore City, Maryland for negligence arising out of a motor vehicle collision on December 6, 2009. *See* ECF No. 2. For the following reasons, Arevalo's motion for extension of time for service will be granted. Arevalo's motion for alternative service will be denied as moot.

I.    Background[1]

Arevalo alleges that Hunter Koski was driving a vehicle owned by Robert Koski at the time of the collision. *See* ECF No. 2 ¶ 6. Arevalo asserts that she attempted to serve the Defendants by certified mail on two separate occasions at addresses in Florida, but the mail was returned as

---

[1] The facts are taken from the complaint, Arevalo's motions, and accompanying exhibits.

undeliverable. ECF No. 13 at 4-5. Arevalo states that she requested the Defendants' last known addresses from their insurance carrier, Nationwide, under Md. Code Ann., Cts. & Pro. § 6-311(c)(1) on April 28, 2013 and August 2, 2013, but Nationwide did not provide the addresses. *Id.* Arevalo asserts that through further investigation, she located a Georgia address for Robert Koski and a New York address for Hunter Koski. *Id.* at 5. On November 21, 2013, Robert Koski was served. *See* ECF No. 1 ¶ 2. A process server attempted to serve Hunter Koski at the New York address and discovered it was a mailbox at St. Lawrence University. *See* ECF No. 13 at 5; ECF No. 11, Ex. 1. St. Lawrence University officials informed the process server that Hunter Koski was living and studying in Canada for the semester and would return in January 2014. *See* ECF No. 13 at 5; ECF No. 11, Ex. 1. Arevalo asserts that she filed a motion for alternative service in the Circuit Court for Baltimore City on November 27, 2013. ECF No. 13 at 5.

On December 11, 2013, Robert Koski removed the case to this Court. ECF No. 1. On April 14, 2014, the Court ordered Arevalo to show cause within 14 days why the complaint should not be dismissed as to Hunter Koski for failure to serve within the 120 days set by Fed. R. Civ. P. 4(m). ECF No. 7. On April 28, 2014, Arevalo responded to the Court's order to show cause. ECF No. 11. On April 30, 2014, the Court granted Arevalo 14 days to

submit a motion to extend time for service and a motion for alternative service. ECF No. 12. On April 30, 2014, Arevalo moved for alternative service and for an extension of time to serve. ECF No. 13. On May 5, 2014, the Maryland Motor Vehicle Administration ("MVA") filed an affidavit of compliance for service on non-resident driver Hunter Koski. ECF No. 14.

II. Analysis

Arevalo moves to extend the time for service of process because her counsel believed that the motion for alternative service had been transferred from state court and would be decided by this Court. See ECF No. 13 at 7. Under Fed. R. Civ. P. 6(b):

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The Supreme Court has defined "neglect" as encompassing "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993).[2] The Supreme Court has defined

---

[2] Although the Supreme Court defined "neglect" as it was used in a bankruptcy court rule based on Rule 6(b), the Court's definition has been applied to Rule 6(b). See, e.g., Dwonzyk v. Baltimore Cnty., 328 F.Supp.2d 572, 577 (D. Md. 2004).

"excusable" as "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith. *Id.* "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (internal quotation marks and citations omitted).

Here, the circumstances demonstrate that the delay in service of process resulted from excusable neglect. Arevalo made good faith efforts to serve Hunter Koski within the 120 days required by Fed. R. Civ. P. 4(m), and reasonably assumed that her motion for alternative service had been transferred to this Court under Local Rule 103.5(a). There is no danger of prejudice because Robert Koski was also waiting for Hunter Koski to be served, and there is no evidence that the untimely service altered the course of this litigation or caused the Defendants to incur additional costs. *See* ECF No. 10. Additionally,

Hunter Koski has been served since Arevalo filed this motion for extension of time.

Under Fed. R. Civ. P. 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Maryland, the MVA may act as an agent to receive service of process for nonresident drivers in certain circumstances:

> By exercising a nonresident's privilege to drive a motor vehicle in the State, a nonresident irrevocably appoints the Motor Vehicle Administration as agent to receive a subpoena, a summons, or other process that is:  (1) Issued in an action that is related to an accident or collision involving a motor vehicle driven by the nonresident driver and in which the nonresident driver is named as a party; and (2) Directed to the nonresident driver.

Md. Code Ann., Cts. & Jud. Proc. § 6-313(b).  Service of process on a nonresident driver is sufficient if:

> (1) Service is made by the personal delivery and leaving of a copy of the process, with a certification of the last known address of the nonresident driver, with the [MVA]; (2) A fee for service of process is paid to the [MVA]; (3) The [MVA] sends a copy of the process by certified mail, return receipt requested, to the nonresident driver at the nonresident driver's last known address; and (4) The [MVA] files an affidavit of compliance with the provisions of this section with the clerk of the court in which the action is pending.

Md. Code Ann., Cts. & Jud. Proc. § 6-313(c).

The MVA affidavit of completion certified that: (1) the MVA received process on behalf of Hunter Koski, a non-resident driver, on April 29, 2014; (2) the MVA received the required fee for service of process; and (3) on April 30, 2014, the MVA sent a copy of the process by certified mail, return receipt requested, to Hunter Koski's last known address. ECF No. 14. Accordingly, under Maryland law, Hunter Koski has been served. The Court will grant Arevalo's motion for an extension of time for service on Hunter Koski. Because Arevalo has successfully served Hunter Koski, Arevalo's motion for alternative service will be denied as moot.

III. Conclusion

For the reasons stated above, Arevalo's motion for extension of time for service will be granted. Arevalo's motion for alternative service will be denied as moot.

5/15/14
Date

William D. Quarles, Jr.
United States District Judge